NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GERARDO FABIAN OCAMPO-CAMACHO, AKA Gerardo Fabian Ocampo, AKA Jose Villapando, AKA Jose Luis Villapando, AKA Jose Luis Villapando-Camacho, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   19-71925 <br><br> Agency No. A073-878-141 <br><br> MEMORANDUM\* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021\*\*

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Gerardo Fabian Ocampo-Camacho, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his appeal from an immigration judge's decision denying his applications for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying his motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Ocampo-Camacho does not challenge the agency's conclusion that his conviction under California Penal Code § 487.1 is a crime involving moral turpitude that renders him ineligible for cancellation of removal. Failure to raise arguments in an opening brief constitutes waiver of those arguments. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018); *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

We do not consider Ocampo-Camacho's contentions regarding continuous physical presence, good moral character, and hardship for cancellation of removal because the BIA did not decide these issues. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA). We lack jurisdiction to consider Ocampo-Camacho's contention that his application for cancellation of removal was denied without a proper hearing. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust

19-71925

issues or claims in administrative proceedings below).

Substantial evidence supports the agency's finding that Ocampo-Camacho failed to establish any changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4)-(5).

Ocampo-Camacho does not challenge, and thus waives, the agency's conclusion that his proposed particular social group is not cognizable, rendering him ineligible for withholding of removal. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

Substantial evidence supports the agency's denial of CAT relief because Ocampo-Camacho failed to show that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (finding speculative possibility of torture did not establish eligibility for CAT relief).

Ocampo-Camacho does not challenge the BIA's denial of his motion to remand for additional testimony. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**